IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

REEDER-SIMCO GMC, INC.                                    PLAINTIFF

    V.                    Civil No. 00-2031

VOLVO GM HEAVY TRUCK CORPORATION
n/k/a VOLVO TRUCKS NORTH AMERICA, INC.                   DEFENDANTS


**MEMORANDUM OPINION**

On this 22nd day of May 2006, there comes on for consideration Plaintiff's Motion for Determination of Attorneys' Fees and Costs in Amended Judgment (Doc. 126), Defendant's Response (Doc. 131) and Plaintiff's Reply (Doc. 132).

Plaintiff sued Defendant for damages for violation of the Arkansas Franchise Practices Act, ARK. CODE ANN. § 4-72-201 *et seq.* (AFPA), and for price discrimination under the Robinson-Patman Act, 15 U.S.C. § 13(a) (RPA). Plaintiff prevailed at trial, and on March 1, 2002, this Court entered a judgment against Defendant in the amount of $513,750.00 on the AFPA claim, $4,074,000.00 on the RPA claim (trebled from the jury award of $1,358,000.00, $171,095.00 in attorneys' fees, and $25,175.42 in costs. (Doc. 101).

Defendant filed its notice of appeal to the Eighth Circuit Court of Appeals on May 29, 2002. (Doc. 112). On July 12, 2004, the Eighth Circuit affirmed the judgment, and Defendant filed a petition for writ of certiorari to the United States

-1-

Supreme Court. On March 11, 2005, the U.S. Supreme Court granted Defendant's petition for writ of certiorari (Doc. 123). In its decision dated January 10, 2006, the U.S. Supreme Court held that the RPA was inapplicable and reversed and remanded the case to the Eighth Circuit.[1] On March 3, 2006, the Eighth Circuit remanded the case to this Court with directions to enter an amended judgment consistent with the U.S. Supreme Court's opinion.[2]

Plaintiff submits that it is entitled to an award of attorneys' fees and costs, to include those incurred in conjunction with the appeal to the Eighth Circuit, as it was the prevailing party with respect to the AFPA claim. Plaintiff contends it should be awarded the full amount awarded in the original judgment as the Court did not apportion the amount between the AFPA and the RPA claims and further contends that the two claims were based upon the same facts, therefore making it difficult to apportion. Plaintiff further submits it is entitled to recover attorneys' fees for the appeal in the amount of $67,376.56. Defendant maintains that the original fee award must be substantially reduced to reflect Plaintiff's limited success following the U.S. Supreme Court's decision and that the Court should not consider any claim for appellate fees.

---

[1] No question regarding Plaintiff's claim pursuant to AFPA was before the U.S. Supreme Court.

[2] An amended judgment is being filed contemporaneously with this opinion.

AO72A
(Rev. 8/82)

The landmark case in relation to fixing fees is *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed.2d 40 (1983).[3] In *Hensley*, the Supreme Court set forth a method to be utilized in calculating the amount of the fee award. The court is to first establish the lodestar amount--the number of hours reasonably expended multiplied by the applicable hourly rate for legal services. Once the lodestar amount has been determined, the court must consider whether other factors not considered in arriving at the lodestar amount suggest upward or downward adjustment to arrive at the appropriate fee award. *Hensley*, 461 U.S. at 434. Following the trial, the Court utilized this method and found $171,095.00 to be a reasonable attorneys' fee. The Court agrees with Defendant that this amount should be reduced as Plaintiff's damages award with respect to the RPA claim was reversed by the U.S. Supreme Court's decision.

Defendant contends the Court should reduce the original fee award by at least 50% based upon the drastic reduction in the amount of damages awarded to Plaintiff. Further, Defendant argues that 178.1 hours are directly attributable to the RPA claim amounting to $26,175.00 at $150 per hour. Plaintiff concedes that some time was spent solely on the RPA claim but maintains that much of the proof presented at trial pertained to

---

[3] In *Hensley* the Court was construing the provision for attorney fees found in 42 U.S.C. § 1988. However, "[t]he standards set forth in [the Hensley opinion] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley v. Eckerhart,* 461 U.S. at 433, f.n.7.

AO72A
(Rev. 8/82)

both the RPA and the AFPA claims and would have been presented even if Plaintiff had not pursued the RPA claim. We agree. Success on the merits is important to a determination of the reasonableness of a fee application, and the district court should award only that amount of fees that is reasonable in relation to the results obtained. *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257 (8th Cir. 1991) *citing Hensley, supra*. The district court may either attempt to identify and then eliminate the hours spent on non-compensable claims or may simply reduce the award to account for the plaintiff's limited success. *Id*. Taking into account Plaintiff's limited success and the overlapping of Plaintiff's proof at trial, the Court finds that the original fee award should be reduced by 25% resulting in an award of $128,321.25. The parties further agree that Defendant is entitled to a credit of $15,428.35 pursuant to the U.S. Supreme Court's award of costs to Defendant.

Plaintiff also seeks $67,376.56 in attorneys' fees for time spent on the Eighth Circuit appeal. Defendant contends the Court should not award any fees as the Eighth Circuit denied Plaintiff's fee request as untimely. Alternatively, Defendant contends the requested amount should be reduced by 75% due to Plaintiff's limited success, activities not related to the appeal, inappropriate block billing and unidentified timekeepers. Plaintiff claims it failed to timely file its

application for attorneys' fees at the Eighth Circuit due to a mistake in the interpretation and operation of the local rules and that this Court is not precluded from considering the fee request.

Rule 47(c) of the Rules of the Eighth Circuit provides for an allowance of reasonable attorney fees upon motion by the prevailing party filed with 14 days after the entry of judgment or upon the court's own motion. Further, the rule provides that the fee request may be remanded to the district court at the prevailing party's request or on the court's own motion. Here, the Eighth Circuit declined to rule on Plaintiff's fee request as it was not timely filed and chose not to award fees on its own motion. Accordingly, Plaintiff's request for attorneys' fees incurred on appeal to the Eighth Circuit is DENIED.

**Conclusion**

For the reasons stated, Plaintiff's Motion for Determination of Attorneys' Fees and Costs in Amended Judgment is GRANTED to the extent that an amended judgment shall be entered as follows:

1. Damages in the amount of $513,750.00 shall be awarded on the AFPA claim;

2. Plaintiff's RPA claim shall be dismissed; and

3. attorneys' fees and costs shall be awarded in the amounts of $128,321.25 and $25,175.42, respectively, with a

credit to Defendant in the amount of $15,428.35.

A separate amended judgment shall be filed concurrently herewith.

IT IS SO ORDERED.

                                          /s/ Robert T. Dawson
                                          Honorable Robert T. Dawson
                                          United States District Judge

AO72A
(Rev. 8/82)