IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

REEDER-SIMCO GMC, INC.                                PLAINTIFF

   V.                    Civil No. 00-2031

VOLVO GM HEAVY TRUCK CORPORATION
n/k/a VOLVO TRUCKS NORTH AMERICA, INC.                DEFENDANTS

**ORDER**

On this 26th day of June 2006, there comes on for consideration Volvo Trucks North America Inc's Motion for Release of Supersedeas Bond (Doc. 136), Volvo's Motion for Partial Taxation of Supersedeas Bond Premiums (Doc. 137-38), Plaintiff's Response (Doc. 139) and Volvo's Reply (Doc. 140).

Plaintiff did not file a response to the Motion for Release of Supersedeas Bond, and Volvo has satisfied the Amended Judgment entered on May 22, 2006 (Doc. 135). Accordingly, the supersedeas bond is released, and the United States District Clerk is directed to return the original bond to Volvo's counsel.

In its Motion for Partial Taxation of Supersedeas Bond Premiums, Volvo contends the Court should award Volvo costs in the amount of $203,913.21 for supersedeas bond premiums associated with the Robinson-Patman Act (RPA) claim upon which it ultimately prevailed on appeal. Plaintiff asserts that such an award is inappropriate as: (1) neither the Supreme Court nor

-1-

the Eighth Circuit directed the district court to award the supersedeas bond premiums as costs; (2) Volvo's motion for costs is time-barred; and (3) if the supersedeas bond premiums are recoverable, the district court should exercise its discretion to deny these costs.

Rule 39 of the Federal Rules of Appellate Procedure provides for the taxing of costs in the district court to include premiums paid for a supersedeas bond to preserve rights pending appeal. FED. R. APP. P. 39(e)(3). The rule also prescribes that costs are taxed only as the court orders in cases, such as the instant case, where the judgment on appeal is affirmed in part, reversed in part, modified or vacated. FED. R. APP. P. 39(a)(4).

Volvo points out that Rule 39 allows the district court to tax supersedeas bond premiums as costs "for the benefit of the party entitled to costs under this rule..." FED. R. APP. P. 39(e). Where a judgment is reversed in part, modified or vacated, costs are taxed only as the court orders. FED. R. APP. P. 39(a)(4). Volvo relies on *Emmenegger v. Bull Moose Tube Co.*, 324 F.3d 616 (8th Cir. 2003), *cert. denied*, 540 U.S. 947 (2003) in support of its argument that this court must tax costs. In *Emmenegger, supra*, the Eighth Circuit affirmed the district court's award of partial bond costs that defendant incurred during an appeal. *Id*. However, as noted by Plaintiff, in

AO72A
(Rev. 8/82)

*Emmenegger*, the defendant moved the Eighth Circuit to tax the bond premiums as costs and the Eighth Circuit specifically directed the defendant to request such relief in the district court. *Id*. at 626. In the instant case, the appellate courts were silent as to the taxation of costs pursuant to Rule 39(e) in this Court, and this court is without authority to tax the supersedeas bond premiums as costs without direction from the appellate courts. *See Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Ass'n.*, 117 F.3d 1328 (11th Cir. 1998); *Conway Groves, Inc. v. Coopers & Lybrand* (M.D. Fla. 1994)(where circuit court is silent on costs to be taxed by the district court under Rule 39(e), the district court has no authority to allocate costs); *Graham v. Milky Way Barges, Inc.*, 122 F.R.D. 18 (E.D. La. 1988)(finding the district court may only tax costs pursuant to Rule 39(e) if the circuit court has so ordered).

As the Court finds it has no discretion to tax the supersedeas bond premiums as costs, it need not address Plaintiff's arguments that Volvo's motion was untimely or that the Court should exercise its discretion to deny costs.

**Conclusion**

For the reasons stated, Volvo's Motion for Release of Supersedeas Bond (Doc. 136) is GRANTED, and the United States District Clerk is directed to return the original bond to

Volvo's counsel.  Further, Volvo's Motion for Partial Taxation of Supersedeas Bond Premiums (Doc. 137-38) is DENIED.

IT IS SO ORDERED.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)